UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES MATTHEW BRADLEY, JR., <br> # 91558-380 <br><br> *Movant,* <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br> *Respondent.* | § § § § § § § § § § | SA-19-CV-486-DAE(ESC) <br> SA-17-CR-0649-DAE-1 |

# ORDER

Pending before the Court is the *pro se* Motion for Appointment of Counsel [#270], filed by James Matthew Bradley, Jr. Pretrial matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1).

There is generally no constitutional right to appointment of counsel in a habeas corpus proceeding. *Wright v. West,* 505 U.S. 277, 292 (1992); *Murray v. Giarratano,* 492 U.S. 1, 7–12 (1989); *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *Lookingbill v. Cockrell,* 293 F.3d 256, 269 (5th Cir. 2002); *Beazley v. Johnson,* 242 F.3d 248, 271 (5th Cir. 2001). In the Fifth Circuit, appointment of counsel for indigent federal habeas corpus petitioners is mandated only "when the interests of justice so require" because of the complexity of the legal and factual issues presented. *See Wardlaw v. Cain,* 541 F.3d 275, 279 (5th Cir. 2008).

In this case, the Respondent has not yet filed its response. Should the Court, upon review of the Respondent's response(s) and any records filed, determine that a hearing is necessary or that the case is otherwise unusual or complex, it will appoint counsel on its own motion. At this point in the proceedings, however, Bradley's Motion for Appointment of Counsel, [#270], is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

SIGNED this 12th day of September, 2019.

                                                    _____
                                                  ELIZABETH S. ("BETSY") CHESTNEY
                                                  UNITED STATES MAGISTRATE JUDGE